UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY ROSEMORE, an individual resident of the State of Nevada; JAMES OWINGS, an individual resident of the State of Georgia,<br><br>                    Plaintiffs,<br><br>   v.<br><br>ALAN BURNS, an individual resident of the State of Alabama,<br><br>                    Defendant. | Case No. 3:20-cv-00475-LRH-WGC<br><br>ORDER |

Before the Court is Defendant Alan Burns' motion to dismiss Timothy Rosemore and James Owings' Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Plaintiffs opposed (ECF No. 11) and Burns replied (ECF No. 15). For the reasons contained within this Order, the Court grants Defendant's motion to dismiss for lack of personal jurisdiction.

**I.     BACKGROUND**

Plaintiffs Timothy Rosemore and James Owings allege that from 2011 to 2013 they researched, developed, and tested a "power use reduction transformer" that they call a "T7 Filter." ECF No. 1-1 at 4. Plaintiffs further allege that, using their own personal funds (approximately $50,000 each), they created Main Street Energy, LLC ("Main Street") to market, sell, and distribute the T7 Filter. *Id.* at 5. They then hired defendant Alan Burns to operate Main Street's

sales division and sell the T7 Filter. *Id.* Plaintiffs allege that Burns failed to fulfill his sales responsibilities, would not return their emails or phone calls, and misappropriated Main Street's working capital for his own personal benefit. *Id.* at 5-6.

The parties agree that Main Street is a Nevada Limited Liability Company ("LLC"), and Burns, Rosemore, and Owings are listed as managing members on its Articles of Organization. *Id.* at 6; ECF No. 1-2 ¶¶ 9-12; ECF No. 11-1 at 14-15. The parties also agree that Main Street has no operating agreement. ECF No. 1-1 at 6; ECF No. 1-2 ¶ 13. However, plaintiffs allege that Burns has no managerial authority in Main Street because he has not contributed any startup capital. ECF No. 1-1 at 6.

On March 6, 2020, Burns, individually and derivatively on behalf of Main Street, filed a first amended complaint in the Circuit Court of Shelby County, Alabama, alleging six causes of action against Rosemore and Owings: (1) breach of fiduciary duty to Main Street, (2) misappropriation and waste of Main Street's intellectual rights, (3) unjust enrichment, (4) declaratory judgment, (5) accounting and forensic audit, and (6) temporary restraining order and preliminary and permanent injunction. ECF No. 11-1. On July 9, 2020, Rosemore and Owings filed suit against Burns in the Second Judicial District Court, Washoe County, seeking a declaratory judgment that Burns has no member's interest and no managerial authority or rights in Main Street. ECF No. 1-1. Burns removed the case to this Court on August 20, 2020 (ECF No. 1), and filed the pending motion to dismiss arguing that the Court does not have personal jurisdiction over him and that plaintiffs' complaint fails to state a claim upon which relief can be granted. ECF No. 4.

**II.     LEGAL STANDARD**

**Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)**

When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the motion is based on written materials, "'the plaintiff need only make a prima facie showing of jurisdictional facts,'" and the court only inquires as to whether the plaintiff's "'pleadings and affidavits make a prima facie

2

showing of personal jurisdiction.'" *Id.* (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) & *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). Uncontroverted allegations in plaintiff's complaint will be taken as true, and conflicts resolved in the plaintiff's favor. *Id.*

The Court first considers whether an applicable federal statute governs personal jurisdiction; if none appears, the Court applies the law of the forum. *Id.*; FED. R. CIV. P. 4(k). Nevada's long-arm statute is co-extensive with federal standards and confers jurisdiction over a non-resident defendant as permitted by the federal due process clause. *See Arbella Mut. Ins. Co. v. Eighth Judicial Distr. Court ex rel. County of Clark*, 134 P.3d 710, 712 (Nev. 2006); NEV. REV. STAT. ("NRS") § 14.065(1). To satisfy due process, the defendant must have at least "minimum contacts" with the State of Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted).

### III. DISCUSSION

**The Court does not have personal jurisdiction over Burns.**

Burns motions this Court to dismiss plaintiffs' complaint arguing that the Court does not have personal jurisdiction over him because he does not have the necessary minimum contacts with the forum. The Court agrees.

The necessary minimum contacts with a forum can manifest itself in two ways. The first is through general jurisdiction, where the defendant's contacts with the forum are "so continuous and systematic" that the defendant is "essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotation marks and citation omitted). The Court has general jurisdiction over an individual defendant, like Burns, where he is domiciled. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, plaintiffs allege, and Burns declares, that he is a resident and citizen of the State of Alabama. Therefore, the Court cannot have general jurisdiction over him.

Conversely, the Court has specific personal jurisdiction when the issues to be adjudicated are derived from "or connected with, the very controversy that establishes jurisdiction." *Goodyear*,

564 U.S. at 919 (quoting von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv. L. Rev. 1121, 1136 (1966)). The Ninth Circuit has established a three-prong test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum. Evidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (internal citations omitted). It is the plaintiff's burden to prove the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff succeeds, the burden shifts to the defendant to make a "compelling case" that jurisdiction would be unreasonable. *CollegeSource, Inc. v. AcademyOne Inc.*, 653 F3d 1066, 1076 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). If the plaintiff fails to establish the first two prongs, the case must be dismissed. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 20008) ("But if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed.") (citing *Pebble Beach Co.*, 453 F.3d at 1155)).

Plaintiff has alleged the following facts showing Burns' contact with the forum: (1) Main Street, a Nevada LLC, hired Burns to operate its sales division; (2) Burns failed to participate in internal business functions, including returning emails and phone calls from Rosemore (a Nevada resident and managing member of Main Street) and Owings; and (3) Main Street listed Burns as a managing member in its Articles of Organization. ECF No. 1-1 at 4-6. Burns declares that (1) he has never lived, worked, or conducted business in the State of Nevada; (2) other than owning an interest in Main Street, he does not own, or has ever owned, any property in the State of Nevada;

4

(3) he does not have a bank account in the State of Nevada; (4) he has only traveled to Nevada a handful of times and never to conduct Main Street related, or any other, business; (5) corporate meetings for Main Street were held in Alabama; (6) the work he did for Main Street was conducted primarily in Alabama; and (7) that the T7 Filter components are manufactured in China and it is assembled in Georgia. ECF No. 1-2. Rosemore and Owings did not submit any declaration or affidavit contradicting Burns' declaration.

Given these facts as alleged, and Burns' uncontroverted declaration, the Court finds that Burns has not purposefully availed himself or directed his actions at the forum state. Burns' only purposeful availment with Nevada is his potential membership in or employment with a Nevada LLC and that he is listed as a managing member on Main Street's Articles of Organization. However, Burns' status as a managing member or an employee of Main Street, does not guarantee specific personal jurisdiction. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13 (1984) ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . .."); *Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1109 (9th Cir. 2020) (reasoning that while an individual's status as an officer does not foreclose jurisdiction over an individual defendant, it does not guarantee it either); *Ruffin v. New Destination, LLC*, 773 F.Supp.2d 34, 40 (D.D.C. 2011) ("The general rule is that a corporation is regarded as an entity separate and distinct from its shareholders, and this rule applies to LLCs." (internal citations and quotation marks omitted)). Rather, the Court must "assess whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice." *Global Commodities Trading Grp.*, 972 F.3d at 1109.

Here, Burns' individual actions as alleged in plaintiffs' complaint—running Main Street's sales division, failing to satisfactorily complete his position, and misappropriating Main Street funds—all occurred in Alabama,[1] and are not sufficient contacts with Nevada to support personal

---

[1] Plaintiffs also argue that Burns filing suit against Rosemore, a Nevada resident, supports personal jurisdiction in Nevada. ECF No. 11 at 7. Plaintiffs cite no case law, and the Court is aware of none, that permits it to exercise personal jurisdiction over a defendant if that defendant has sued the plaintiff in another forum. Accordingly, the Court sees no reason to address it.

jurisdiction. *See c.f. Global Commodities Trading Grp.*, 972 F.3d at 1110 (holding that the Court had personal jurisdiction over individual employees who met with plaintiff's employees in the forum state to negotiate the transactions at issue, and traveled to the forum on multiple occasions to conduct business with the plaintiff); *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 522-23 (9th Cir. 1989) (holding corporate officers, in their individual capacity, had sufficient contacts with the forum when they were the sole officers and directors of the company, conducted meetings in the forum and entered into agreements with residents of the forum on behalf of the corporation). Accordingly, the Court finds the plaintiffs have failed to make a prima facie showing of the first prong and the case must be dismissed for lack of personal jurisdiction. Given the parallel action regarding Main Street pending in Alabama State Court, and in the interests of comity, the Court makes no ruling on the merits of whether plaintiffs' complaint is sufficient to withstand defendant's Rule 12(b)(6) motion to dismiss.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (ECF No. 4) is **GRANTED with prejudice.** The Court declines to grant plaintiffs leave to amend because the jurisdiction finding cannot be cured; therefore, such amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (A court need not grant leave to amend a complaint if amendment would be futile).

IT IS SO ORDERED.

DATED this 15th day of January, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE